IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                               No. CR 11-2282 RB

HAI GAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine. (Doc. 273). Having considered the record, relevant law, and otherwise being fully advised, the Court **GRANTS** this motion.

**I.    Background**

Mr. Gan is charged in the Third Superseding Indictment with fifty-one counts of Fraud and Related Activity in Connection with Identification Documents, in violation of 18 U.S.C. §§ 1028(a)(2) and 2(b); eight counts of Transporting Illegal Aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(A)(v)(II); three counts of Engaging in Monetary Transactions with Property Derived from Unlawful Activities, in violation of 18 U.S.C. § 1957; and two counts of Witness Tampering, in violation of 18 U.S.C. § 1512. These charges arise from an alleged ongoing scheme by Mr. Gan lasting from on or about August 12, 2009 until on or about May 11, 2011 by which Mr. Gan enabled undocumented immigrants who were not residents of New Mexico (his "clients") to obtain New Mexico driver's licenses. In New Mexico, undocumented immigrants can obtain state driver's licenses; to do so, they must submit to the

New Mexico Motor Vehicle Division ("MVD") two documents establishing that they are residents of New Mexico, in addition to proof of identity and proof of Identification Number. Mr. Gan owned three homes in New Mexico and a home in Texas during the relevant period of time. The United States alleges that Mr. Gan would allow his clients to fraudulently claim residence at one of his New Mexico houses and help the clients fraudulently obtain two proofs of residency. With residency documents in hand, the clients would travel to New Mexico, where they would be met by Mr. Gan and transported to a previously scheduled MVD appointment. The clients would often remain in New Mexico for just a single day. Mr. Gan would allegedly check the mailbox at the house and mail the licenses to his clients at their true places of residence. (Doc. 218).

In the months leading up to trial, Mr. Gan has filed various *pro se* motions to dismiss the indictment in this case. (See Docs. 183, 230, 237, 241, 256).  In these filings, Mr. Gan makes various legal arguments as well as factual assertions. Through this Motion in Limine, the United States seeks to admit redacted versions of Mr. Gan's motions as admissions by a party opponent under FED. R. EVID. 801(d)(2)(A) and 401.

**II.      Standard**

FED. R. EVID. 801(d)(2)(A) provides a broad exemption to the rules on hearsay for individual admissions. *See* FED. R. EVID. 801(d)(2) advisory committee's note (calling "for generous treatment of this avenue to admissibility"). Under Rule 801(d)(2)(A), a statement is not hearsay if it "is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Accordingly, there are only two requirements for admissibility under Rule 801(d)(2)(A): a statement was made by a party, and the statement was offered against that party. *See United States v. Matlock,* 415 U.S. 164, 172 & n. 8 (1974).

### III. Discussion

In this case, the application of Rule 801(d)(2)(A) to Mr. Gan's *pro se* motions is straightforward. There is no dispute that these are statements of Mr. Gan – a party in this case – that will be offered by the United States against him. *See* FED. R. EVID. 801(d)(2)(A). Thus, under Rule 801(d)(2)(A), these statements are admissible as non-hearsay.

Mr. Gan argues that the admittance of these statements will force him to testify at trial, thus violating his Fifth Amendment right to remain silent. There is simply no support for this argument. The Fifth Amendment "speaks of compulsion." *Garner v. United States*, 424 U.S. 648, 654-55 (1976). "It does not preclude a witness from testifying voluntarily in matters which may incriminate him." *Id.* If, therefore, Mr. Gan chooses to testify of his own accord to respond to these admissions, he may do so. However, he will not be considered to have been compelled within the meaning of the Fifth Amendment. *See id.*

The Court recognizes that not all of the content of Mr. Gan's *pro se* motions is relevant. Thus, the Court will consider appropriate redactions. *See* FED. R. EVID. 401. Further, the Court will consider giving a limiting instruction to the jury and/or redacting part of the motion upon request of counsel to ensure no unfair prejudice to Mr. Gan.

**THEREFORE**,

IT IS ORDERED that the United States' Motion in Limine is GRANTED. (Doc. 273).

_____
ROBERT C. BRACK
**UNITED STATES DISTRICT JUDGE**