IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            No. 11-CR-2282 RB

HAI GAN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the Defendant's Motion to Withdraw. (Doc. 347.) Plaintiff United States opposed the motion. (Doc. 348.) Having reviewed the parties' submissions and arguments, the Court finds that the Motion (Doc. 347, amending Doc. 346) should be **DENIED**.

Mr. Ortiz is the Defendant's third appointed counsel. Defendant originally had two appointed assistant federal public defenders. (Docs. 4, 47.) After the Court granted Defendant's motion to substitute counsel (Doc. 245), the Court appointed Mr. Ortiz as counsel. (Doc. 247.) On October 8, 2013, Mr. Ortiz filed a motion to withdraw as counsel. (Doc. 264.) After holding a hearing, the Court denied this request. (Docs. 265, 266.)

On December 18, 2013, the CJA Panel of Attorneys was updated and Mr. Ortiz was not selected to represent felony clients in 2014. The Court considered the issue at a status conference on January 9, 2014. (Doc. 275.) The Court entered an order admitting Mr. Ortiz to the general felony CJA panel for the purpose of maintaining Defendant's representation, pending further action from the Court. (Docs. 276, 291.) The matter proceeded to jury trial on February 3, 2014. (Doc. 297.) The jury returned a guilty verdict on February 11, 2014. (Docs. 297, 305.)

After the trial, on the Government's Motion, the Court had a hearing about Mr. Ortiz's continued representation. The Court found no issues with Mr. Ortiz's representation of the Defendant. (Doc. 344.) Mr. Ortiz stated his belief that he was qualified to represent all clients. (Doc. 344.)

In July 2014, Defendant filed a motion to substitute counsel. (Doc. 347, amending Doc. 346.) He based his request on Mr. Ortiz's changed status on the CJA panel, stating that he doubted Mr. Ortiz's ability to handle felony cases. (Doc. 347.) Plaintiff USA opposed the motion. (Doc. 348.) Defendant's sentencing hearing is set for November 11, 2014. (Doc. 349.)

The Court finds that the Motion is not well-taken. To warrant a substitution of counsel, the Defendant must show good cause. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). Examples of good cause include "a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* Here, Defendant's only stated reason for requesting substitution is his lack of confidence in Mr. Ortiz in light of the CJA Panel's decision to not reappoint Mr. Ortiz to the general felony panel. (Doc. 347.) The Court has already considered the matter at length and held a hearing on the issue. (Doc. 344.) Given the prior hearings, the stage of litigation, and the Court's observations of Mr. Ortiz's interactions with Defendant, the Court finds that Defendant's Motion does not state any factual allegations establishing good cause. Accordingly, Defendant's Motion to Withdraw (Doc. 347, amending Doc. 346) is **DENIED**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**