# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.   No. 11-cr-2282 RB

**HAI GAN,**

    Defendant.

## MEMORANDUM OPINION AND AMENDED FINAL ORDER OF FORFEITURE REGARDING BANK OF AMERICA AND JP MORGAN CHASE ACCOUNTS AND ONE PARCEL OF TEXAS PROPERTY

This matter is before the Court on the Third Party's Motion for an Emergent Court Order to Stop or Suspend the Government's Forfeiture Action of the Third Party's Property, and Motion for the Court to Reconsider its Final Order Before a Court Hearing or Jury Trial, filed by Ms. Wei Wang on January 7, 2019. (Doc. 453.) The Court held a hearing on this motion on January 17, 2019, to reconsider its Memorandum Opinion and Final Order of Forfeiture (Doc. 450) granting the Government's motion for summary judgment as to Ms. Wang's claims and entering a final order of forfeiture for: $8,008.66 in Bank of America accounts xxxx-3970 and xxxx-9550; $18,989.47 in JP Morgan Chase accounts xxxx-0622 and xxxx-0382; and the real property located at 4005 Lakeside Drive, The Colony, Texas, 75056 (the Texas property), subject to Ms. Wang's limited interest.

Pursuant to Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n), the Court shall amend its preliminary order of forfeiture to account for third-party property interests "[i]f, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that the petitioner has a legal right, title, or interest in the property" that is superior to that

of either the defendant or the government.[1] § 853(n)(6)(A). Having considered the submissions of the parties, the record, relevant law, and being otherwise fully advised, the Court finds the following:

1. Ms. Wang did not prove by a preponderance of the evidence that her income earned between December 8, 2008, and May 11, 2011, was deposited into either Bank of America accounts xxxx-3970 and xxxx-9550 or JP Morgan Chase accounts xxxx-0622 and xxxx-0382.

2. Ms. Wang has no other property interest in the bank accounts that merits amending the Court's finding that they are properly subject to forfeiture.

3. Ms. Yali Sun, Ms. Wang's mother-in-law, made two wire transfers totaling $50,000 from her bank account in China to Mr. Gan's and Ms. Wang's Bank of America account ending in xxxx-3970 to assist them in paying off their home loan on the Texas property. (*See* Exs. 1, 3 (exhibits introduced at the January 17, 2019, motion hearing); *see also* Doc. 460 at 2.)

4. Ms. Yali Sun transferred $30,000 into the Bank of America account on January 12, 2009, and $20,000 on March 2, 2009. (*See id.*)

5. On March 2, 2009, Mr. Gan paid off the balance of the home loan. (Doc. 448 at 4.)

6. Ms. Wang's interest in the Texas property began as an undivided 50 percent interest when Mr. Gan made a down payment using community funds prior to the start of his criminal activity (*see id.*), but her interest must be reduced based on the subsequent home loan payments that Mr. Gan made using criminal proceeds.

---

[1] The factual background, legal standard, and analysis set forth in the Court's Memorandum Opinion and Final Order of Forfeiture Regarding Bank of America and JP Morgan Chase Accounts and One Parcel of Texas Property (Doc. 450) are adopted by reference subject to the amendments described herein.

7. During the time period constituting his criminal activity, Mr. Gan wrote checks from his Bank of America accounts totaling $68,890 to pay off the home loan. (*Id.* at 4–5.) These funds included the $50,000 transferred to the Bank of America account by Yali Sun, which did not constitute criminal proceeds. (*See* Exs. 1, 3.)

8. Thus, Ms. Wang has an undivided 50 percent interest in the Texas property after its sale costs and outstanding taxes have been paid and the government has been reimbursed for the **$18,890** in loan payments made with criminal proceeds.

**THEREFORE**,

**IT IS ORDERED** that the Attorney General and Department of Homeland Security may resume forfeiture proceedings that had been stayed pursuant to the Court's previous Order (Doc. 454);

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n)(7), all right, title and interest in the following property is forfeited to the United States, and title thereto is vested in the United States:

   a. Funds and monies in the amount of $8,008.66 from Bank of America accounts xxxx-3970 and xxxx-9550 in the name of Hai Gan and Wei Wang;

   b. Funds and monies in the amount of $18,989.47 from JP Morgan Chase accounts xxxx-0622 and xxxx-0382 in the name of Hai Gan;

   c. Real property located at 4005 Lakeside Drive, The Colony, TX 75056, more particularly described as: Ridgepoint Ph 4 Blk R Lot 24, less Ms. Wang's 50 percent interest in the property after its sale costs and outstanding taxes have been paid and the government has been reimbursed for the $18,890 in loan payments made with criminal proceeds.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**